# In the United States Bankruptcy Court
### For the Eastern District of Virginia
#### Newport News Division

| | |
|---|---|
| **In re: JAMES HOWARD SHEGOG,** | Case No. 05-52434-FJS |
| | Chapter 7 |
| **Debtor.** | |

_____

### MEMORANDUM OPINION SUPPLEMENTING ORAL RULING GRANTING MOTION TO REOPEN CASE AND DENYING MOTION FOR RELIEF FROM STAY

_____

This matter is before the Court on the motion of Roxanne Terry ("Ms. Terry") to reopen the Debtor's Chapter 7 case. Ms. Terry filed the Motion to reopen so that she could pursue insurance proceeds in a medical malpractice action. The Debtor, Dr. James H. Shegog (the "Debtor" or "Dr. Shegog") objects to reopening his case. Dr. Shegog asserts the equitable defense of laches and asserts that he will suffer legal prejudice if his case is reopened.

On June 4, 2008, a trial in this matter was held. After consideration of the arguments presented, the Court granted the motion from the bench. This Memorandum Opinion and Order follows.

This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Findings of Fact

In 2003,[1] Ms. Terry, as the Administratrix for the Estate of David C. Terry, brought suit against the Debtor in state court for medical malpractice.

_____

[1] Ms. Terry originally filed her action in the Circuit Court for the City of Richmond, Virginia. After approximately two years of on-going amendments and proceedings, the Presiding Judge severed Ms. Terry's action in 2005, directing her to refile her claim in Newport News, Virginia. She did so on April 11, 2005.

On September 13, 2005, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code (the "Code"), thereby staying Ms. Terry's civil suit. 11 U.S.C. 362.

On September 22, 2005, the Debtor filed his schedules, which included, *inter alia,* a purported listing of all his assets and liabilities. On Schedule F, the Debtor named David C. Terry ("Mr. Terry") as an unsecured, nonpriority creditor with an unliquidated claim of $300,000.00. The Debtor then listed Mr. Terry's mailing address as follows:

> David C. Terry
> c/o Kaufman & Canoles
> P.O. Box 3037
> Norfolk, VA 23541

Kaufman & Canoles was (and is) the law firm representing ***the Debtor*** in the state court civil suit and the address provided as belonging to Mr. Terry's was, in fact, the address for the ***Debtor's own counsel*** in that litigation. Notice of the Debtor's bankruptcy filing was, therefore, not proper, and this deficiency has never been corrected.

On February 16, 2006, the Debtor received his discharge; the case was closed on June 27, 2006.

On November 13, 2007, Ms. Terry filed the instant motion and a Motion for Relief from Stay; both motions were set for hearing on December 21, 2007.

On December 19, 2007, the Debtor filed objections to both motions, but neither he nor his bankruptcy counsel appeared at the December 21, 2007 hearing. However, Mary Jane Hall, an attorney and member of Kaufman & Canoles, the Debtor's state court litigation counsel, did appear. She advised the Court that she believed notice of the hearing was not proper and that the Debtor's counsel was out of town. The hearing on each motion was continued to January 11, 2008.

On January 11, 2008, the Court convened a hearing on the motions. The Court noted that the relief Ms. Terry was seeking was actually a two-step process, a ruling on the Motion to Reopen the case first, followed by a second and separate ruling on the Motion for Relief. As such, the Court continued generally the Motion for Relief, to allow a ruling on the Motion to Reopen, which was set for trial on February 22, 2008. The Court continued the hearings and ultimately heard the matter on June 4, 2008.

On June 4, 2008, Ms. Terry, through her counsel, reiterated her request to reopen the Debtor's case. She stated this was for the sole purpose of lifting the automatic stay to permit her to pursue applicable insurance proceeds. Counsel stipulated that Ms. Terry would not seek recovery against the Debtor, except to the extent of available insurance coverage.

The Debtor opposed the Motion to reopen, arguing laches and legal prejudice. Neither party presented evidence, although the Debtor's bankruptcy lawyer acknowledged and conceded on the record that proper notice of the bankruptcy case was not provided to Ms. Terry under the Federal Rules of Bankruptcy Procedure.

## Conclusions of Law

Section 350 of the Code grants the Court authority to reopen a case "to administer assets, to accord relief to the Debtor, or for other cause." 11 U.S.C. § 350. As the first two reasons provided for in the statute do not apply in this case, the Court must find "cause" in order to reopen the case.

"Cause" is not defined in the Code, which means that "the decision to reopen a case [lies solely] within the bankruptcy court's [sound] discretion." *Stackhouse v. Plumlee (In re Plumlee)*, 236 B.R. 606, 1999 U.S. Dist. LEXIS 14068, at *8 (E.D. Va. 1999) (citing *In re Thompson*, 16 F.3d 576, 581 (4th Cir. 1994)), *Hawkins v. Landmark Finance Co.*, 727 F.2d 324,

326 (4th Cir. 1984), *In re Reid*, 198 F. Supp. 689, 693 (W.D. Va. 1961), *aff'd sub nom. Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962). The decision to reopen is based on the circumstances in each individual case. *Hawkins*, 727 F.2d at 326. Additionally, bankruptcy courts are afforded broad latitude in making their determinations. *Plumlee*, 236 B.R. 606, 1999 U.S. Dist. LEXIS 14068, at *9 (citing *Reid*, 304 F.2d at 355 ("[N]o attempt is made to lay down rigorous outer limits" on a bankruptcy court's discretion to reopen a closed case.)).

This Court has previously held that denial of a party's due process rights qualifies as "cause" sufficient to justify reopening a bankruptcy case for further proceedings. *In re Mutts*, 131 B.R. 306, 307 (Bankr. E.D. Va. 1990). Ms. Terry's due process rights were denied by the lack of proper notice in this case. The Debtor bears sole responsibility for this.

Every debtor is required to file a list of creditors with the Court. 11 U.S.C. § 521(a)(1)(A). The definition of a creditor includes any "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." *Id.* at § 101(10)(A). A claim is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id.* at (5)(A). Therefore, a debtor's list of creditors must include all entities known to the debtor that could assert a claim incurred on or before the petition date.

Additionally, debtors are required to provide complete mailing addresses for all creditors on two documents, the list of creditors and the schedule of liabilities, to which notices of key events in the case can be sent. *See* Fed. R. Bankr. P. 2002(g)(2) (instructing the clerk that unless a creditor designates otherwise, required notices are to be sent to creditors at the mailing address provided by the debtor in the latter filed of the list of creditors or the schedule of liabilities).

Typically, due process requires that

> notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 317, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (citations omitted). However, in bankruptcy there are heightened due process requirements that must be followed. *Banks v. Sallie Mae*, 299 F.3d 296, 302 (4th Cir. 2002), *In re Linkous*, 990 F.2d 160, 163 (4th Cir. 1993), *Paging Network, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.)*, 534 F.3d 76 (1st Cir. Mass. 2008).

At the time this Chapter 7 case was filed,[2] creditors were entitled to notice by mail of:

> (1) the order for relief; (2) the dismissal or the conversion of the case to another chapter, or the suspension of proceedings under § 305; (3) the time allowed for filing claims pursuant to Rule 3002; (4) the time fixed for filing a complaint objecting to the debtor's discharge pursuant to § 727 of the Code as provided in Rule 4004; (5) the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to § 523 of the Code as provided in Rule 4007; (6) the waiver, denial, or revocation of a discharge as provided in Rule 4006;…[and] (8) a summary of the trustee's final report in a chapter 7 case if the net proceeds realized exceed $1,500.

Fed. R. Bankr. P. 2002(f). A creditor must also receive at least twenty (20) days notice of the date of the § 341 meeting of creditors. *Id.* at 2002(a)(1).

When determining due process issues, these requirements have been so strictly interpreted that neither a creditor's general knowledge of a debtor's bankruptcy filing, *Arch Wireless, Inc.*, 534 F.3d 76, nor *service to that same creditor under a different bankruptcy rule* have been found to negate them. *Banks*, 299 F.3d at 302 (finding that a creditor, who was served

---

2 This case was filed on September 13, 2005, approximately one month before the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 took effect. Therefore, the previous version of the law and accompanying

with notice of the debtor's bankruptcy pursuant to FRBP 2002, was denied due process in a dischargeability action because the debtor failed to serve the creditor a second notice pursuant to FRBP 7004).

In the case at bar, the Debtor's bankruptcy counsel candidly admitted that the address provided for Ms. Terry in the Debtor's list of creditors and schedule of liabilities – and where notices were served on Ms. Terry - was that of *Debtor's counsel's* law firm handling the state court litigation and not Ms. Terry's address. At the hearing on this matter, Debtor's counsel was unable to explain why Ms. Terry's address was not given for notice purposes. He noted that state court counsel for the Debtor did file a Suggestion in Bankruptcy in Ms. Terry's pending state court action, which provided her with actual knowledge of the bankruptcy and argued that should suffice for service. The Court disagrees given bankruptcy's heightened due process requirements. Ms. Terry should have received formal and proper notification of the order for relief, the meeting of creditors, the deadline by which to object to the Debtor's discharge, and the deadline by which to file a non-dischargeability complaint. Ms. Terry did not receive any of these notices and, as such, was denied due process. The case will be reopened to afford her the opportunity to pursue her legal rights. While this settles the issue, the Court wishes to address the Debtor's defenses, laches and legal prejudice, as it finds both lacking.

The affirmative defense of laches to the motion to reopen requires a showing that Ms. Terry failed to assert her rights "for an *unreasonable* time and *unexplained* length of time, under circumstances prejudicial to the adverse party." *Wells Fargo Bank v. Levin Prof'l Servs.*, 348 F. Supp. 2d 638, 646 (E.D. Va. 2004) (quoting *Finkel Outdoor Prods., Inc. v. Bell*, 205 Va. 927, 140 S.E.2d 695, 699 (Va. 1965)). The court in *Wells Fargo Bank* goes on to say:

---

rules apply in this case.

> Where a party pleads ignorance of facts as an excuse for their delay, "the general rules on the subject of notice, actual and constructive, come into application . . . ignorance due to negligence does not excuse laches. One must have been diligent and have made such enquiry and investigation as the circumstances reasonably suggested and permitted." *Meredith v. Goodwyn,* 219 Va. 1025, 254 S.E.2d 74, 77 (Va. 1979). Mere lapse of time, however, absent "circumstances affording evidence of a presumption that the right has been abandoned, does not constitute laches." *Riordan v. Hale,* 212 S.E.2d 65, 215 Va. 638 (Va. 1975); *see also* [*Michigan Mut. Ins. Co. v.*] *Smoot,* 183 F. Supp. 2d [806,] 812 [(E.D. Va. 2001)].

*Wells Fargo Bank v. Levin Prof'l Servs.*, 348 F. Supp. 2d at 646.  The Debtor has the burden of proof on his affirmative defense.  He has not carried that burden.  There is no evidence of an unreasonable delay nor that Ms. Terry abandoned the action.  The affirmative defense thus fails.

Regarding the defense of legal prejudice, the Court notes that it fails at the outset.  Under *Plumlee,* a court's decision to reopen a case is not a finding adverse to either party as neither suffers any injury as a result.  *See Stackhouse v. Plumlee (In re Plumlee)*, 236 B.R. 606, 1999 U.S. Dist. LEXIS 14068, at *7.  Reopening the case may lead to an adverse ruling, which would allow the aggrieved party the right to appeal not only the adverse ruling, but also the Order reopening the case.  *Id*.  Here, however, the Court has not reached that second step; therefore, there is no prejudice to the Debtor by reopening the case.

When considering the issue of legal prejudice, the Court's decision should "'insure substantial justice is accorded to both parties, and…must consider the equities not only facing the defendant, but also those facing the plaintiff.'"  *In re Varona*, 2008 Bankr. LEXIS 1544, at *59 (Bankr. E.D. Va. May 22, 2008) (quoting *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005)).  The possibility of re-litigation does not constitute legal prejudice.  *Kozak v. Fedex Kinko's, Inc.*, 2008 U.S. Dist. LEXIS 17823 (E.D. Va. Mar. 6, 2008).

When determining whether a party will suffer legal prejudice at the actions of another,

courts have looked at several factors, including two that are relevant here, excessive delay or lack of diligence by the other party and the current procedural posture of the case. *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996), *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987).

As noted above, there is no evidence of excessive delay. Likewise, there is no evidence before the Court with respect to the current posture of the pending civil suit. While the procedural posture of the Debtor's bankruptcy case is apparent from a review of the Court's file, there is nothing that helps the Debtor in persuading the Court that he will suffer legal prejudice at the reopening of his case. The Debtor's acknowledgement of lack of proper notice does the opposite. In addition, the fact that Ms. Terry will limit her recovery sole to available insurance proceeds, if any, coupled with the fact that the Debtor's discharge does not effect the obligations of his insurance carrier[3] causes the Court to conclude that he will not suffer legal prejudice, as opposed to possible embarrassment from the reopening of his bankruptcy case.

Upon consideration of the Motion to Reopen and the entire record in this case, it is therefore **ORDERED** that Ms. Terry's Motion to Reopen the case is **GRANTED**.

The Court now considers Ms. Terry's Motion for Relief from Stay. The automatic stay is

---

[3] *See* Va. Code § 38.2-2200 (2008), which reads:

> No policy or contract insuring or indemnifying against liability for injury to or the death of any person, liability for injury to or destruction of property, or liability for injury to the economic interests of any person, shall be issued or delivered in the Commonwealth unless it contains in substance the following provisions or other provisions that are at least equally favorable to the insured and to judgment creditors:
>   1. That the insolvency or bankruptcy of the insured, or the insolvency of the insured's estate, **shall not relieve the insurer of any of its obligations under the policy or contract.**
>   2. That if execution on a judgment against the insured or his personal representative is returned unsatisfied in an action brought to recover damages for injury sustained or for loss or damage incurred during the life of the policy or contract, then an action may be maintained against the insurer under the terms of the policy or contract for the amount of the judgment not exceeding the amount of the applicable limit of coverage under the policy or contract.

effective upon the filing of a petition for relief in bankruptcy.  11 U.S.C. §362(a).  That stay terminates upon the granting of a discharge in an individual Chapter 7 case, such as this one, *id.* at § 362(c)(2)(C), and is replaced with the discharge injunction.  *Id.* at § 524(a).

According to the record in this case, the Debtor received his discharge on February 16, 2006; as such, there was no automatic stay in effect when Ms. Terry filed her Motion for Relief in November 2007.

Consequently, it is **ORDERED** that the Motion for Relief is **DENIED** summarily as it requests relief that is impossible for the Court to award.

**IT IS SO ORDERED**.

Norfolk, Virginia

_____
FRANK J. SANTORO
Judge, U. S. Bankruptcy Court

cc:   Dr. James H. Shegog
      John Bedi, Esq.
      Mary Jane Hall, Esq.
      Roxanne Terry
      A. Donald McEachin, Esq.
      Debera F. Conlon, Esq.,  AUST

---

Va. Code § 38.2-2200 (emphasis added).